**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES J. JONES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 4:23-CV-1083 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion to vacate appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

**Background**

On May 1, 2019, movant pled guilty to felon in possession of a firearm-armed career criminal. 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). *See United States v. Jones*, Case No. 4:18-CR-469 CDP (E.D. Mo.). On September 17, 2019, the Court sentenced movant to 180 months of imprisonment, followed by four years of supervised release. *Id.*

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. *See United States v. Jones*, No. 19-3161 (8th Cir. 2020). On June 29, 2020, the Eighth Circuit affirmed his conviction and sentence. The mandate was issued on July 20, 2020. *Id.*

**Movant's Motion to Vacate**

On August 15, 2023, movant executed his motion to vacate and placed the document in the prison mailing system at the Gilmer Federal Correctional Institution in Glenville, West Virginia. Movant asserts that he is entitled to set aside his conviction because he believes that one of his

prior drug offenses should no longer be able to serve as a predicate for his sentence enhancement under the Armed Career Criminal Act (ACCA). Movant cites to the recent Eighth Circuit case of *United States v. Myers*, 56 F.4th 595 (8th Cir. 2022), as support for his argument.[1]

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] In *United States v. Myers*, No. 21-3443 (8th Cir. 2022), the Eighth Circuit held that Mo.Rev.Stat. § 195.211.1 was not a "serious drug offense" under ACCA because at the time of defendant's prior conviction, Missouri law defined cocaine as encompassing all isomers of cocaine, including positional isomers, which are excluded from the relevant federal definition. Under circuit precedent, the panel compared the definition of cocaine under Missouri law at the time of Myer's prior conviction to the definition of cocaine under federal law at the time of his instant federal offense. The panel affirmed the district court's conclusion that ACCA did not apply and affirmed.

2

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. A one-year statute of limitations applies to motions pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). The limitation period begins to run from the date the conviction becomes final. *Id.* "[F]or federal criminal defendants who do not file a petition for certiorari with the United States Supreme Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003); *see also Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015). The Rules of the Supreme Court of the United States provide that a petition for writ of certiorari must be filed within ninety (90) days after the entry of judgment. Sup. Ct. R. 13(1), (3) (providing ninety (90) days to petition for writ of certiorari, running from the date a timely motion for rehearing is denied).

In this case, the instant motion was signed by movant and placed in the prison mail system on August 15, 2023. The Eighth Circuit affirmed movant's conviction and sentence on June 29, 2020; therefore, his conviction was considered final ninety (90) days after that time, on September 28, 2020. *See* Fed. R. App. Proc. 4(b)(1). Thus, movant had until September 28, 2021, to file his motion to vacate in this Court.

Even though movant's motion to vacate is almost two years late, he asserts that it should be considered timely because the Eighth Circuit case of *United States v. Myers* was not issued until

3

December 29, 2022. *Myers*, 56 F.4th 595 (8th Cir. 2022).[2] Movant's argument is not well taken. Under 28 U.S.C. § 2255(f)(3), the statute of limitations begins to run from the date the *Supreme Court* decides a case recognizing a new right. *See Dodd v. United States*, 545 U.S. 353 (2005) (emphasis added). Thus, a movant seeking to assert that right will have one year from the date of the Supreme Court's decision within which to file his motion to vacate. And the movant may only take advantage of that new statute of limitations under § 2255(f)(3) if the right is newly recognized and made retroactively applicable to cases on collateral review. *Id.* As of today's date, the issues discussed in *Myers* have not been addressed in the Supreme Court, and no newly recognized rights have been made retroactively applicable by the Supreme Court on collateral review that would be available to movant.

Based on the aforementioned, movant will be required to show cause, within thirty (30) days of the date of this Memorandum and Order, why his motion to vacate should not be dismissed as time-barred.

---

[2]Movant's argument here could be construed as a direct challenge to the definition of cocaine in the federal statute compared to the Missouri definition. The argument appears to be that because Missouri's definition of cocaine includes "derivative" while the federal statutory definition does not, Missouri's law prohibits more than the federal statute. In *United States v. Myers*, the Eighth Circuit found Missouri's definition included positional isomers, which was broader than the federal definition. 56 F.4th 595, 599 (8th Cir. 2022). *Myers,* however, was decided after movant was sentenced, and here movant raises the issue as a collateral attack on his conviction and sentence. The Court notes that his attorney made this argument on appeal and the Eighth Circuit nonetheless denied the argument, citing to *United States v. Jones*, 934 F.3d 842, 843 (8th Cir. 2019). In *Jones*, the Eighth Circuit held that since the drug that supported movant's conviction under Mo.Rev.Stat. § 195.211.1- cocaine base -was listed on the federal schedule, the fact that the statute also criminalized transactions of other substances was immaterial, so there was no overbreadth difficulty. *See also, United States v. Young*, 6 F.4th 804 (8th Cir. 2021) (defendant's Missouri convictions for sale of cocaine base constituted predicate "serious drug offenses" under Armed Career Criminal Act (ACCA)); *United States v. Henderson*, 11 F.4th 713 (8th Cir. 2021) (holding that the term "controlled substance" in § 4B1.2 is not limited to substances controlled under federal law); *United States v. Bailey*, 37 F.4th 467 (8th Cir. 2022) (holding that § 4B1.2's definition of "controlled substance" incorporates the law in effect at the time of the prior predicate convictions).

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than thirty (30) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 20th day of September, 2023.

                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE