# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES J. JONES, | ) | |
| Movant, | ) ) ) | |
| v. | ) | 4:23-CV-1083 CDP |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's response to the show cause order dated September 20, 2023. [ECF No. 2]. In the order, the Court directed movant to show cause as to why his motion to vacate, set aside, or correct sentence should not be dismissed as time barred. For the following reasons, the Court concludes the instant action is time barred under 28 U.S.C. § 2255.

### Background

On May 1, 2019, movant pled guilty to felon in possession of a firearm-armed career criminal. 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). *See United States v. Jones*, Case No. 4:18-CR-469 CDP (E.D. Mo.). On September 17, 2019, the Court sentenced movant to 180 months of imprisonment, followed by four years of supervised release. *Id.*

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. *See United States v. Jones*, No. 19-3161 (8th Cir. 2020). On June 29, 2020, the Eighth Circuit affirmed his conviction and sentence. The mandate was issued on July 20, 2020. *Id.*

Movant's criminal judgment became final under 28 U.S.C. § 2255(f)(1) on September 28, 2021, or one year and ninety (90) days after the Eighth Circuit affirmed his conviction and sentence on appeal. *See* Fed. R. App. Proc. 4(b)(1). Movant filed his federal writ of habeas corpus by placing

the current motion in the prison mail system on August 15, 2023. As such, his motion to vacate was filed almost two years late.

In his response brief, movant repeats the same argument given in his motion to vacate. He alleges that he is entitled to set aside his conviction because he believes that one of his prior drug offenses should no longer be able to serve as a predicate for his sentence enhancement under the Armed Career Criminal Act (ACCA). Movant cites to the recent Eighth Circuit case of *United States v. Myers*, 56 F.4th 595 (8th Cir. 2022), as support for his argument.[1]

## Discussion

Even though movant's motion to vacate is almost two years late, he asserts that it should be considered timely because the Eighth Circuit case of *United States v. Myers* was not issued until December 29, 2022. *Myers*, 56 F.4th 595 (8th Cir. 2022).

Movant's argument is not well taken. Under 28 U.S.C. § 2255(f)(3), the statute of limitations begins to run from the date the *Supreme Court* decides a case recognizing a new right. *See Dodd v. United States*, 545 U.S. 353 (2005) (emphasis added). Thus, a movant seeking to

---

[1] In *United States v. Myers*, No. 21-3443 (8th Cir. 2022), the Eighth Circuit held that Mo.Rev.Stat. § 195.211.1 was not a "serious drug offense" under ACCA because at the time of defendant's prior conviction, Missouri law defined cocaine as encompassing all isomers of cocaine, including positional isomers, which are excluded from the relevant federal definition. Under circuit precedent, the panel compared the definition of cocaine under Missouri law at the time of Myer's prior conviction to the definition of cocaine under federal law at the time of his instant federal offense. The panel affirmed the district court's conclusion that ACCA did not apply and affirmed. To the extent movant's argument in his motion to vacate is a direct challenge to the definition of cocaine in the federal statute as opposed to the Missouri definition, the Court again points out the movant's attorney made this argument in his direct appeal of his conviction and sentence. The Eighth Circuit denied the argument, citing to *United States v. Jones*, 934 F.3d 842, 843 (8th Cir. 2019) (holding that since the drug that supported defendant's conviction under § 195.211.1 (1989) criminalized transactions of other substances was immaterial, there was no overbreadth difficulty). The Court in *Jones* explained that mere offers to sell drugs fall within the ACCA's definition of "serious drug offense" because it includes state offenses "involving" the distribution of controlled substances. *Id*. at 843.

assert that right will have one year from the date of the Supreme Court's decision within which to file his motion to vacate. And the movant may only take advantage of that new statute of limitations under § 2255(f)(3) if the right is newly recognized and made retroactively applicable to cases on collateral review. *Id.* As of today's date, the issues discussed in *Myers* have not been addressed in the Supreme Court, and no newly recognized rights have been made retroactively applicable by the Supreme Court on collateral review that would be available to movant. As such his motion to vacate is time-barred and subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED AND DISMISSED** as time barred. *See* Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of November, 2023.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE